UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and ROBERT SCOTT, Revenue Officer,<br><br>Petitioners,<br><br>v.<br><br>LAUGHLIN GILLIES,<br><br>Defendant. | No. [11-CV-03623] MEJ<br><br>[PROPOSED]<br>(1) ORDER THAT CASE BE REASSIGNED TO DISTRICT COURT JUDGE, AND (2) REPORT AND RECOMMENDATION THAT VERIFIED PETITION TO ENFORCE IRS SUMMONS BE GRANTED |

This matter is before the court on an order to show cause why respondent Laughlin Gillies should not be required to appear before the Internal Revenue Service (IRS) in compliance with an IRS summons. Mr. Gillies did not file any papers in response to the order to show cause. Because respondent has not consented to proceed before a magistrate judge, the undersigned has prepared a report and recommendation as to the instant petition and directs the Clerk of the Court to reassign this case to a District Court Judge. Having considered the moving papers and all other evidence of record, this court recommends that the petition be GRANTED.

**I. BACKGROUND**

According to the petitions, the IRS is conducting an investigation to determine respondent's tax liabilities for tax year 2006, and quarterly tax periods ending December 31, 2007, March 31, 2008, and June 30, 2008. (Pet. ¶ 2). Petitioners believe that respondent has possession and control of records, documents and other information concerning the IRS's

inquiry, as to which the IRS has no access, possession or control. (See id. ¶ 5). As part of its investigation, petitioners served a summons on respondent; and, the record before the court shows that service properly was made pursuant to 26 U.S.C. § 7603.[1] On January 7, 2011, petitioner Scott served a summons on respondent by leaving an attested copy of the summons with Paul Peloso, a person who identified himself as respondent's roommate and who appeared to be over 18 years of age, at respondent's last and usual place of abode. (See id. ¶ 6 and Ex. A). Respondent did not appear on January 24, 2011, as requested. When respondent failed to appear, he was given another opportunity to appear and comply on February 14, 2011. Respondent again failed to appear. (See id. ¶¶ 8-10 and Ex. B).

On July 22, 2011, petitioners filed the instant verified petition to enforce the summons. On July 22, 2011, this court issued an order to show cause, setting a hearing for November 10, 2011. On November 2, 2011, petitioners applied to continue the show cause hearing until November14, 2011. On November 3, 2011, this court granted petitioners' application, and continued the hearing until November 14, 2011. Petitioners have submitted evidence showing that the order to show cause and verified petition were served on respondent on August 26, 2011. (Docket #6). Petitioners have submitted evidence showing that the order continuing the show cause hearing was served on respondent on November 8, 2011. (See Docket #10). However, Mr. Gillies never filed a written response to the order to show cause or the verified petition.

## II. DISCUSSION

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability. Summonses may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . . collecting any such liability." 26 U.S.C. § 7602(a); see also Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir.

---

[1] Title 26 United States Code, Section 7603 provides that service of summons shall be made "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode." 26 U.S.C. § 7603(a). Further, "the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons." Id.

1999) (quoting 26 U.S.C. § 7602(a)). To enforce a summons, the IRS must establish a prima facie case for enforcement by showing that the summons (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code. United States v. Powell, 379 U.S. 48 57-58 (1964). "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met." Crystal, 172 F.3d at 1144 (quoting United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)). "The burden is minimal because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." Id. (quoting Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir.1985)).

Once the government has met its burden in establishing the Powell elements, if the taxpayer chooses to challenge the enforcement, he bears a heavy burden to show an abuse of process or lack of good faith on the part of the IRS. Indeed, "[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." Crystal, 172 F.3d at 1144 (quoting United States v. Den, 968 F.2d 943, 945 (9th Cir. 1992)). "The taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose." Id. (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)). As explained by the Ninth Circuit:

> The taxpayer may challenge the summons on any appropriate grounds, including failure to satisfy the Powell requirements or abuse of the court's process. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. In addition, it has become clear since Powell that gathering evidence after having decided to make a recommendation for prosecution would be an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances. While neither the Powell elements nor the LaSalle requirements is an exhaustive elaboration of what good faith means, still the dispositive question in each case is whether the Service is pursuing the authorized purposes in good faith.

Id. at 1144-45 (internal quotes and citations omitted).

While the government's burden is not great, it is not necessarily satisfied by an agent's mere assertion of relevance. United States v. Goldman, 637 F.2d 664, 667 (9th Cir. 1980). Once

a summons is challenged, it must be scrutinized by the court to determine whether it seeks information relevant to a legitimate investigative purpose, and the court may choose either to refuse enforcement or narrow the scope of the summons. Goldman, 637 F.2d at 668.

In the instant case, petitioners have met their initial burden of showing that the Powell elements have been satisfied, largely through the verification of the petition by Revenue Agent Scott. See Crystal, 172 F.3d at 1144 (finding that the special agent's declaration satisfied the Powell requirements and that the government therefore "established a prima facie case to enforce the summonses"); Dynavac, Inc., 6 F.3d at 1414 (stating that the government's burden "may be satisfied by a declaration from the investigating agent that the Powell requirements have been met."); United States v. Bell, 57 F. Supp.2d 898, 906 (N.D. Cal. 1999) ("The government usually makes the requisite prima facie showing by affidavit of the agent.").

Here, the verified petition indicates that the IRS's investigation is being conducted for a legitimate purpose of ascertaining respondent's tax liabilities for certain periods of time. (See Pet. ¶ 2). The summons is relevant to that purpose. It indicates that petitioner is determining respondent's tax liabilities for the calendar year 2006, and quarterly tax periods ending December 31, 2007, March 31, 2008, and June 30, 2008. The summons asks him to appear and bring with him documents pertaining to his income and expenses during that period (e.g., bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit). (See id. A). The petition further indicates that the information is not already in the IRS's possession, that there has been no referral for criminal prosecution of this matter, and that all administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken. (See Pet.¶¶ 5, 11, 12, and Exs. A and B).

Although the record presented demonstrates that respondent was duly served with notice of these proceedings, he failed to respond at all to the verified petition or the court's order to show cause. Accordingly, he has not met his burden of showing an abuse of process or lack of good faith on the part of the IRS, and this court recommends that the verified petition to enforce the IRS summonses be GRANTED.

## III. RECOMMENDATION

Based on the foregoing, this court recommends that the petition be granted and that an order be issued enforcing the IRS summonses and directing Mr. Gillies to appear before the IRS on a date certain to provide testimony and produce the requested documents and records.

Any party may file objections to this report and recommendation with the district judge within ten days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3.

Petitioners are instructed to promptly serve a copy of this report and recommendation on respondent and to file a proof of service with the court.

Dated: November 18 2011

MARIA ELENA JAMES
United States Magistrate Judge

# CERTIFICATE OF SERVICE

I, **KATHY TAT** declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers. The undersigned further certifies that I caused a copy of the following:

**[PROPOSED] (1) ORDER THAT CASE BE REASSIGNED TO DISTRICT COURT JUDGE, AND (2) REPORT AND RECOMMENDATION THAT VERIFIED PETITION TO ENFORCE IRS SUMMONS BE GRANTED** and **[PROPOSED] ORDER ADOPTING REPORT AND RECOMMENDATION**

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X_    **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____    **PERSONAL SERVICE (BY MESSENGER/HAND DELIVERED)**

____    **FACSIMILE (FAX)** No.: _____

to the parties addressed as follows:

Laughlin Gillies
223 Zinfandel Road
Healdsburg, CA 95448

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on   **November 17, 2011**   at San Francisco, California.

/s/
**KATHY TAT**
**Legal Assistant**